David E. McDowell, #020885
Kevin R. Myer, #019919
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417
(602) 307-9900

E-mail: dmcdowell@rcdmlaw.com
        kmyer@rcdmlaw.com
        docket@rcdmlaw.com

*Attorneys for Defendant CGI, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF ARIZONA

| | |
|---|---|
| RICARDO BARBA; LILY CHRISTIAN; HEATHER CLEARY; VICTORIA DEROSA; MAJORY GARGOSH; CHUN HWA HA; JESSICA HARRELSON; WOO SEOK JANG; HUN KIM; ALEXA KRIEGER; ALANA LEE; SEUNG HEE LEE; LAUREL LEISHER; CHERIE MAR; LIZA MILLER; NINA MILLER; LISA MOREHOUSE; ARIADNE NEVIN; MEREDITH POTTER; ALEXANDRA ROMERO; KARINA ROSADO; AMY SHIPLEY; HEATHER SIMERAL; JULIA SIMONSON; MICHAEL STARACE; MICHAEL-JOHN TAVANTZIS; LUCIE VOGEL, | No. 09-CV-01115-PHX-SRB |
| Plaintiffs, | **CGI, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND COUNTERCLAIM** |
| v. | **JURY TRIAL DEMANDED** |
| SEUNG HUEN LEE; JOURNG SOOK LEE; DAHN YOGA & HEALTH CENTERS, INC.; TAO FELLOWSHIP; BR CONSULTING, INC; MAGO EARTH, INC.; VORTEX, INC.; CGI, INC.; OASIS ARABIANS, LLC; and DOES 1 TO 100, INCLUSIVE, | |
| Defendants. | |
| CGI, INC., a New Jersey corporation, | |
| Counter-Claimant | |
| v. | |

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

1  HUN KIM,

                    Counter-Defendant
2
   _____

3      Defendant CGI, Inc. ("CGI") hereby answers Plaintiffs' Second Amended

4  Complaint as follows:

5                    **JURISDICTIONAL ALLEGATIONS**

6      1.    In response to Plaintiffs' Second Amended Complaint paragraph 1,

7  Defendant admits Plaintiffs are alleging violations of their rights under Title IX of the

8  Organized Crime Control Act of 1970 and violation of their rights under the Fair Labor

9  Standards Act of 1983, but Defendant has insufficient information to admit or deny the

10 balance of the allegations contained in this paragraph 1; therefore, they are denied.

11     2.    Defendant has insufficient information to admit or deny the allegations

12 contained in Plaintiffs' Second Amended Complaint paragraph 2; therefore, they are

13 denied.

14     3.    Defendant has insufficient information to admit or deny the allegations

15 contained in Plaintiffs' Second Amended Complaint paragraphs 3 through and including

16 29; therefore, they are denied.

17     4.    Defendant denies the allegations contained in Plaintiffs' Second Amended

18 Complaint paragraphs 30 through and including 35.

19     5.    Defendant has insufficient information to admit or deny the allegations

20 contained in Plaintiffs' Second Amended Complaint paragraphs 36 through and including

21 39; therefore, they are denied.

22     6.    In response to Plaintiffs' Second Amended Complaint paragraph 40,

23 Defendant admits CGI, Inc., is a corporation formed under the laws of New Jersey with a

24 principal place of business in New Jersey. CGI also admits it is involved with the

25 operation of CGI Holistic Fitness Center in New Jersey. Defendant denies each and every

26 other allegation contained in paragraph 40 of Plaintiffs' Second Amended Complaint.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 2, 09-CV-01115-PHX-SRB)          3095-0015          606120_1

7. In response to Plaintiffs' Second Amended Complaint paragraph 41, Defendant admits that Journg Sook Lee resides in New Jersey and is the wife of Defendant Ilchi Lee. Defendant further admits that Journg Sook Lee is an owner and chief executive officer of CGI. Defendant denies each and every other allegation contained in paragraph 41 of Plaintiffs' Second Amended Complaint.

8. Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 42 and 43; therefore, they are denied.

9. Defendant denies the allegations contained in Plaintiffs' Second Amended Complaint paragraph 44 aimed at CGI, Defendant has insufficient information to admit or deny the allegations contained in this paragraph 44 aimed at other Defendants; therefore, they are denied.

10. Defendant denies the allegations contained in Plaintiffs' Second Amended Complaint paragraph 45 aimed at CGI, Defendant has insufficient information to admit or deny the allegations contained in this paragraph 45 aimed at other Defendants; therefore, they are denied.

11. Defendant denies the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 46 through and including 72.

12. Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 73 through and including 218; therefore, they are denied.

**Chun Hwa Ha**

13. In response to Plaintiffs' Second Amended Complaint paragraph 219, Defendant has insufficient information to admit or deny the allegations pre-dating Ms. Chun Hwa Ha's employment by CGI, therefore they are denied. Defendant admits Ms. Ha was employed by CGI from September 2007 to August 2008. Defendant denies each

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 3, 09-CV-01115-PHX-SRB)            3095-0015            606120_1

1    and every other allegation contained in this paragraph 219.

2    14.    Defendant has insufficient information to admit or deny the allegations

3    contained in Plaintiffs' Second Amended Complaint paragraphs 220 through and

4    including 230; therefore, they are denied.

5    15.    Defendant denies the allegations contained in Plaintiffs' Second Amended

6    Complaint paragraph 231 which involve CGI.  Defendant has insufficient information to

7    admit or deny the allegations contained in Plaintiffs' Second Amended Complaint

8    paragraph 231 aimed at other Defendants; therefore, they are denied.

9    16.    Defendant has insufficient information to admit or deny the allegations

10   contained in Plaintiffs' Second Amended Complaint paragraphs 232 through and

11   including 234; therefore, they are denied.

12   17.    In response to Plaintiffs' Second Amended Complaint paragraph 235,

13   Defendant has insufficient information to admit or deny the allegations contained in this

14   paragraph 235 which pre-dated September 2007 when Ms. Ha began working for CGI.

15   Defendant admits Honor's Haven Resort is operated by Fallsview, Inc., a company

16   owned by CGI, Inc.  Defendant further admits Ms. Ha worked in CGI's accounting

17   department beginning in September 2007. Defendant denies each and every other

18   allegation of this paragraph 235.

19   18.    In response to Plaintiffs' Second Amended Complaint paragraph 236,

20   Defendant admits Ms. Ha worked in CGI's accounting department, but denies each and

21   every other allegation contained in this paragraph 236.

22   19.    Defendant denies the allegations contained in Plaintiffs' Second Amended

23   Complaint paragraph 237.

24   20.    Defendant has insufficient information to admit or deny the allegations

25   contained in Plaintiffs' Second Amended Complaint paragraphs 238 through and

26   including 313; therefore, they are denied.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

1

**Woo Seok Jang**

2      21.    In response to Plaintiffs' Second Amended Complaint paragraph 314,
3  Defendant denies that Woo Seok Jang was an employee of CGI. Defendant has
4  insufficient information to admit or deny the allegations contained in Plaintiffs' Second
5  Amended Complaint paragraph 314 involving actions and times prior to 2006. The
6  balance of paragraph 314 is denied.

7      22.    Defendant has insufficient information to admit or deny the allegations
8  contained in Plaintiffs' Second Amended Complaint paragraphs 315 through and
9  including 324; therefore, they are denied.

10      23.    In response to Plaintiffs' Second Amended Complaint paragraph 325,
11 Defendant denies Woo Seok Jang was an employee of CGI. Defendant has insufficient
12 information to admit or deny the balance of the allegations contained in Plaintiffs'
13 Second Amended Complaint paragraph 325; therefore, they are denied.

14      24.    In response to Plaintiffs' Second Amended Complaint paragraph 326,
15 Defendant denies Woo Seok Jang was an employee of CGI. Defendant has insufficient
16 information to admit or deny the balance of the allegations contained in Plaintiffs'
17 Second Amended Complaint paragraph 326; therefore, they are denied.

18      25.    In response to Plaintiffs' Second Amended Complaint paragraph 327,
19 Defendant denies Woo Seok Jang was an employee of CGI. Defendant has insufficient
20 information to admit or deny the balance of the allegations contained in Plaintiffs'
21 Second Amended Complaint paragraph 327; therefore, they are denied.

22      26.    Defendant denies it asserted any psychological manipulation or
23 indoctrination over Mr. Jang as alleged in paragraph 328 of Plaintiffs' Second Amended
24 Complaint.

25 **Hun Kim**

26      27.    In response to Plaintiffs' Second Amended Complaint paragraph 329,

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 5, 09-CV-01115-PHX-SRB)                    3095-0015                    606120_1

Defendant denies the New City Dahn Center is "ostensibly" operated by CGI. Defendant denies Mr. Kim was ever employed by CGI. Defendant has insufficient information to admit or deny the remaining allegations contained in Plaintiffs' Second Amended Complaint paragraph 329; therefore, they are denied.

28.   Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 330 through and including 341; therefore, they are denied.

29.   In response to Plaintiffs' Second Amended Complaint paragraph 342, Defendant denies it employed Mr. Kim. Defendant has insufficient information to admit or deny the remaining allegations contained in Plaintiffs' Second Amended Complaint paragraph 342; therefore, they are denied.

30.   Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraph 343; therefore, they are denied.

31.   In response to Plaintiffs' Second Amended Complaint paragraph 344, Defendant denies it employed Mr. Hun Kim. Defendant admits Mr. Kim, while still an employee of Dahn Yoga, was loaned to CGI to work at the New City Dahn Center in New York. Defendant admits the New City Dahn Center in New York was operated by CGI and denies the characterization that the operation was "ostensibly" by CGI. Defendant denies each and every other allegation contained in this paragraph 344 asserted against CGI. With respect to those allegations leveled against other Defendants, CGI has insufficient information to admit or deny those allegations; therefore, they are denied.

32.   In response to Plaintiffs' Second Amended Complaint paragraph 345, Defendant denies it employed Mr. Kim. Defendant denies each and every other allegation contained in this paragraph 345 asserted against CGI. With respect to allegations leveled

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 6, 09-CV-01115-PHX-SRB)          3095-0015          606120_1

against other Defendants, CGI has insufficient information to admit or deny those allegations; therefore, they are denied.

33.    Defendant denies it asserted any psychological manipulation or indoctrination over Mr. Kim as alleged in paragraph 346 of Plaintiffs' Second Amended Complaint.

34.    Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 347 through and including 399; therefore, they are denied.

**Seung Hee Lee**

35.    In response to Plaintiffs' Second Amended Complaint paragraph 400, Defendant denies Seung Hee Lee was ever employed by CGI. Defendant denies each and every other allegation in this paragraph 400 asserted against CGI. Defendant has insufficient information to admit or deny any allegations contained in Plaintiffs' Second Amended Complaint paragraph 329 leveled at other parties; therefore, they are denied.

36.    Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 401 through and including 411; therefore, they are denied.

37.    Defendant denies the allegations contained in Plaintiffs' Second Amended Complaint paragraph 412.

38.    Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 413 through and including 492; therefore, they are denied.

39.    In response to paragraph 493 of the Plaintiffs' Second Amended Complaint, Defendant has no record of who attended a Sabumnim meeting at the Honor's Haven Resort in August 2008, because CGI did not conduct this particular workshop. Defendant has insufficient information to admit or deny the allegations contained in

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 7, 09-CV-01115-PHX-SRB)                3095-0015                606120_1

Plaintiffs' Second Amended Complaint paragraph 493; therefore, they are denied.

40.     Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 494 through and including 531; therefore, they are denied.

41.     In response to paragraph 532 of Plaintiffs' Second Amended Complaint, Defendant has no record of who attended a Shim Sung workshop at the CGI Dahn Center in Closter, New Jersey in January 2004 because CGI did not conduct this particular workshop.  Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraph 532; therefore, they are denied.

42.     Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 533 through and including 587; therefore, they are denied.

43.     In response to paragraph 588 of Plaintiffs' Second Amended Complaint, Defendant has no record of who attended an Ilchi Hak Training at the Honor's Haven Resort in March 2007, because CGI did not conduct this particular workshop.  Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraph 588; therefore, they are denied.

44.     Defendant has insufficient information to admit or deny the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 589 through and including 822; therefore, they are denied.

**FIRST CAUSE OF ACTION**
**FRAUD IN THE INDUCEMENT BASED UPON INTENTIONAL**
**CONCEALMENT, NON-DISCLOSURE AND MISREPRESENTATION**
**(All Plaintiffs)**
**(All Defendants)**

45.     In response to Plaintiffs' Second Amended Complaint paragraph 823, Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Second

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

1  Amended Complaint as if fully set forth herein

2    46. Defendant denies the allegations contained in Plaintiffs' Second Amended

3  Complaint paragraphs 824 through and including 854.

4  

**SECOND CAUSE OF ACTION**
**RESTITUTION OF UNJUST ENRICHMENT OBTAINED**

5  

**THROUGH UNDUE INFLUENCE**
**(All Defendants)**

6  

**(All Plaintiffs)**

7    47. In response to Plaintiffs' Second Amended Complaint paragraph 855,

8  Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Second

9  Amended Complaint as if fully set forth herein.

10    48. Defendant denies the allegations contained in Plaintiffs' Second Amended

11  Complaint paragraphs 856 through and including 881.

12  

**THIRD CAUSE OF ACTION**

13  

**UNFAIR AND DECEPTIVE BUSINESS PRACTICES – MASSACHUSETTS LAW**
**(All Defendants)**

14  

**(Plaintiffs Lillian Christian, Heather Cleary, Jessica Harrelson,**
**Alexa Krieger, Cherie Mar, Liza Miller, Nina Miller, Meredith Potter,**
**Karina Rosado, Heather Simeral, Julia Simonson, Michael Starace,**

15  

**Michael-John Tavantzis and Lucie Vogel, only)**

16    49. In response to Plaintiffs' Second Amended Complaint paragraph 882,

17  Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Second

18  Amended Complaint as if fully set forth herein.

19    50. Defendant denies the allegations contained in Plaintiffs' Second Amended

20  Complaint paragraphs 883 through and including 886.

21    51. Defendant denies the allegation an April 8, 2009 demand letter under §9 of

22  Chapter 93A of the Massachusetts General Laws was directed to it. Defendant denies the

23  balance of paragraph 887 of Plaintiffs' Second Amended Complaint.

24    52. Defendant denies the allegations contained in Plaintiffs' Second Amended

25  Complaint paragraph 888.

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 9, 09-CV-01115-PHX-SRB)    3095-0015    606120_1

1

**FOURTH CAUSE OF ACTION**
**UNFAIR AND DECEPTIVE BUSINESS PRACTICES – ILLINOIS LAW**
**(All Defendants)**
**(Plaintiffs Ricardo Barba and Amy Shipley, only)**

2

3

4      53.     In response to Plaintiffs' Second Amended Complaint paragraph 889,

5      Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Second

6      Amended Complaint as if fully set forth herein.

7      54.     Defendant denies the allegations contained in Plaintiffs' Second Amended

8      Complaint paragraphs 890 through and including 894.

9

**FIFTH CAUSE OF ACTION**
**UNFAIR AND DECEPTIVE BUSINESS PRACTICES – TEXAS LAW**
**(All Defendants)**
**(Plaintiff Alexandra Romero, only)**

10

11

12      55.     In response to Plaintiffs' Second Amended Complaint paragraph 895,

13      Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Second

14      Amended Complaint as if fully set forth herein

15      56.     Defendant denies the allegations contained in Plaintiffs' Second Amended

16      Complaint paragraphs 896 through and including 899.

17      57.     Defendant denies the allegation an April 8, 2009 demand letter in

18      accordance with the requirements of the Texas Deceptive Trade Practices Act, was

19      directed to it. Defendant denies the balance of paragraph 900 of Plaintiffs' Second

20      Amended Complaint.

21      58.     Defendant denies the allegations contained in Plaintiffs' Second Amended

22      Complaint paragraph 901.

23      ///

24      ///

25      ///

26

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

1

**SIXTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(All Defendants)**
**(All Plaintiffs)**

2

3

4        59.    In response to Plaintiffs' Second Amended Complaint paragraph 902,

5   Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Second

6   Amended Complaint as if fully set forth herein.

7        60.    Defendant denies the allegations contained in Plaintiffs' Second Amended

8   Complaint paragraphs 903 through and including 906.

9

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES AND OVERTIME**
**FEDERAL WAGE AND HOUR LAW**
**(All Defendants)**
**(All Plaintiffs)**

10

11

12        61.    In response to Plaintiffs' Second Amended Complaint paragraph 907,

13   Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Second

14   Amended Complaint as if fully set forth herein.

15        62.    Defendant denies the allegations contained in Plaintiffs' Second Amended

16   Complaint paragraphs 908 through and including 916.

17

**EIGHT CAUSE OF ACTION**
**CIVIL RICO VIOLATION**
**(All Defendants)**
**(All Plaintiffs)**

18

19

20        63.    In response to Plaintiffs' Second Amended Complaint paragraph 917,

21   Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Second

22   Amended Complaint as if fully set forth herein.

23        64.    Defendant denies the allegations contained in Plaintiffs' Second Amended

24   Complaint paragraphs 918 through and including 929.

25   ///

26   ///

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ  85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 11, 09-CV-01115-PHX-SRB)                3095-0015                                606120_1

**NINTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – SEXUAL ABUSE**
**(All Defendants)**
**(Plaintiff Jessica Harrelson, only)**

65.     In answer to paragraphs 930 through and including 934 of Plaintiffs' Second Amended Complaint, Defendant states that this cause of action has been dismissed by the Court's Order dated August 25, 2010.

**TENTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – SEXUAL ABUSE**
**(All Defendants)**
**(Plaintiff Jessica Harrelson, only)**

66.     In answer to paragraphs 935 through and including 938 of Plaintiffs' Second Amended Complaint, Defendant states this cause of action has been dismissed by the Court's Order dated August 25, 2010.

**DELAYED ACCRUAL OF PLAINTIFFS' CLAIMS BASED**
**TOLLING BASED UPON CONTINUING UNDUE INFLUENCE**

67.     In response to Plaintiffs' Second Amended Complaint paragraph 939, Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Second Amended Complaint as if fully set forth herein.

68.     Defendant denies the allegations contained in Plaintiffs' Second Amended Complaint paragraphs 940 through and including 945.

69.     Defendant denies each and every allegation of Plaintiffs' Second Amended Complaint not specifically admitted herein.

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint, CGI requests that it be dismissed, that Plaintiffs take nothing thereby, that CGI be awarded its attorneys' fees and costs incurred herein, and for such other and further relief as the Court may deem just and proper.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

## AFFIRMATIVE DEFENSES

Defendant alleges the following separate and affirmative defenses to each and every cause of action alleged in Plaintiffs' Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE:
#### Failure to State a Claim

Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE:
#### Assumption of the Risk

Plaintiffs, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed all risks attendant upon the conduct alleged in the Second Amended Complaint and assumed the risk of all alleged damages proximately and substantially related thereto.

### THIRD AFFIRMATIVE DEFENSE:
#### Voluntary Participation

Plaintiffs consented to, welcomed, and/or voluntarily participated in any conduct complained of or alleged in the Second Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE:
#### Failure to Exercise Due Caution and Care

Plaintiffs did not exercise due caution and care with respect to the matters alleged in the Second Amended Complaint and if, in fact, Plaintiffs suffered any damage or injury as a result of their failure to exercise due care and caution, or their failure to use due care and caution contributed to their alleged damage or injury, any remedy or recovery to which Plaintiffs may be entitled must be denied or reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE:
#### Plaintiffs' Own Conduct

Any damages allegedly sustained by Plaintiffs were either wholly or in part, caused by or contributed to by Plaintiffs' own actions or inactions and said conduct absolves and/ or reduces the liability, if any, of Defendant.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 13, 09-CV-01115-PHX-SRB)          3095-0015                    606120_1

1

2

## SIXTH AFFIRMATIVE DEFENSE:
### No Causation

Persons, firms, corporations, entities, or organizations other than answering Defendant caused the damages, if any, sustained by Plaintiffs. Defendant is not liable to Plaintiff for any alleged injury, loss, or damage caused by any other party or non-party.

## SEVENTH AFFIRMATIVE DEFENSE:
### Privilege and Justified Action

The conduct complained of by Plaintiffs, if and to the extent it occurred, was privileged and justified and done with a good faith belief it was correct and lawful and no action may be taken against Defendant on account of such conduct, if any.

## EIGHTH AFFIRMATIVE DEFENSE:
### Lack of Intent

Defendant did not intend to cause any alleged emotional injury, and Plaintiffs are not entitled to recover for emotional distress in the absence of intent.

## NINTH AFFIRMATIVE DEFENSE:
### No Outrageous Conduct

Defendant did not engage in any harmful, offensive, extreme, and/ or outrageous conduct and Plaintiffs are not entitled to recover for alleged emotional distress without a showing of such harmful, offensive, extreme, and/ or outrageous conduct.

## TENTH AFFIRMATIVE DEFENSE:
### Speculative Damages

Plaintiffs are barred from recovery for any damages that are speculative and not readily ascertainable.

## ELEVENTH AFFIRMATIVE DEFENSE:
### Statute of Limitations

The claims by Plaintiffs, or by some of them, are barred by the applicable statute of limitations.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
1328 PHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 14, 09-CV-01115-PHX-SRB)          3095-0015                    606120_1

## TWELVETH AFFIRMATIVE DEFENSE:
### Laches

Plaintiffs have unreasonably delayed in asserting their legal rights against Defendant and all of their claims are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE:
### No Wilful Violations

Without admitting, expressly or impliedly, that any violation of any law occurred, to the extent the Court finds any violation of any applicable labor law occurred, any such violation was not wilful.

## FOURTEENTH AFFIRMATIVE DEFENSE:
### Failure to Mitigate Damages

If Plaintiffs have suffered any damages, Plaintiffs have failed to take action, or have taken insufficient action, to mitigate those damages.  Consequently, any damages suffered by Plaintiffs must be reduced in an amount by which Plaintiffs could have mitigated their damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE:
### Waiver, Estoppel, Ratification

The relief sought by Plaintiffs is barred in whole or in part by the doctrines of waiver, estoppel, and or ratification.

## SIXTEENTH AFFIRMATIVE DEFENSE:
### Intervening and Superseding Cause

If Plaintiffs were damaged in any manner whatsoever, such damage, if any, was a direct and proximate and/or legal result of the intervening, superseding actions on the part of other persons or entities and not the action of Defendant. Defendant alleges such intervening, superseding actions of such other persons or entities bar recovery by Plaintiffs against Defendant.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
One North Central
Suite 900
Phoenix, AZ 85004
1313 PHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 15, 09-CV-01115-PHX-SRB)            3095-0015                    606120_1

## SEVENTEETH AFFIRMATIVE DEFENSE:
### Good Faith

Without admitting, expressly or impliedly, that any wage and hour laws were violated, Defendant has complied in good faith with all wage and hour laws, and all applicable laws, and reasonable interpretations of the same, pertaining to the purported employment and compensation of any of the Plaintiffs who may have been employed by Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE:
### Unclean Hands

Any recovery sought in the Second Amended Complaint is barred by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE:
### Payment in Full

Plaintiffs have been paid in full for all monies and other consideration due, or claimed to be due.

## TWENTIETH AFFIRMATIVE DEFENSE:
### Compliance with Governmental Regulations and Codes

Defendant's conduct was in full compliance with any and all applicable governmental codes and regulations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE:
### Compliance with Laws

Any recovery under the Second Amended Complaint, or any claim for relief therein, may be barred by Defendant's compliance or substantial compliance with all applicable laws underlying Plaintiffs' claim of unfair or unlawful business practices under the state statutes alleged in the Second Amended Complaint. Accordingly, Defendant's business practices were not unfair and/or unlawful within the meaning of

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

1    those state statutes.

## TWENTY-SECOND AFFIRMATIVE DEFENSE:
### Business Judgment Rule

Any recovery under the Second Amended Complaint, or any claim for relief contained therein, may be barred by the Business Judgment Rule applicable to claims of unlawful business practices under the state statutes alleged in the Second Amended Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE:
### Business Justification Defense

Any recovery under the Second Amended Complaint, or any claim for relief contained therein, may be barred by the business justification defense to any alleged unfair business practices under the state statutes alleged in the Second Amended Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE:
### Accord and Satisfaction

To the extent any Plaintiff was an employee of Defendant, the actual wages paid, and/ or the calculation of the same, was accepted and/or approved by Plaintiffs and relied upon by Defendant and therefore acts as an accord and satisfaction.

To the extent Plaintiff Hun Kim is determined to have been an employee of Defendant, the funds he took from Defendant, without permission or consent, act as an accord and satisfaction against any claims for wages owed by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE:
### In Pari Delicto

Plaintiffs' claims are barred by reason that Plaintiffs have engaged in acts or courses of conduct which rendered Plaintiffs in pair delicto.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 17, 09-CV-01115-PHX-SRB)          3095-0015          606120_1

1

### TWENTY-SIXTH AFFIRMATIVE DEFENSE:
#### Absolute Good Faith

2

3      Defendant has acted in good faith reliance upon the reasonable interpretation of

4  applicable law.

5

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE:
#### No Notice of Overtime Hours

6

7      To the extent Plaintiffs, or any of them, were employees and were not paid

8  overtime wages for all overtime hours worked, notice was not provided to Defendant that

9  such hours had been worked.

10

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE:
#### Volunteer

11

12      To the extent Plaintiffs, or any of them who were employees of CGI, remained on

13  CGI premises after their approved work hours had ended, they did so as volunteers and

14  not under any direction, compunction, or request by CGI.

15

### TWENTY-NINTH AFFIRMATIVE DEFENSE:
#### Due Process Violation

16

17      Imposing Massachusetts, Illinois, and/or Texas law, specifically those states'

18  unfair business practices acts, against CGI offends due process as CGI has no sufficient

19  minimum contacts with those states.

20

### THIRTIETH AFFIRMATIVE DEFENSE:
#### Undue Influence

21

22      Undue influence is not a recognized cause of action entitling Plaintiffs to recovery

23  under Arizona law.

24

### THIRTY- FIRST AFFIRMATIVE DEFENSE:
#### Lack of Fiduciary Duty

25

26      No fiduciary duty exists between CGI and any Plaintiff in this action.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 18, 09-CV-01115-PHX-SRB)          3095-0015          606120_1

### THIRTY-SECOND AFFIRMATIVE DEFENSE:
**Failure of Condition Precedent under Unfair and Deceptive Practices Act – Massachusetts Law**

Plaintiffs did not make a pre-suit demand upon Defendant under §9 of Chapter 93A of the Massachusetts General Laws.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
**Failure of Condition Precedent under Unfair and Deceptive Business Practices Act – Texas Law**

Plaintiffs did not make a pre-suit demand upon Defendant under §17.505 of the Texas Deceptive Trade Practices Act.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
**Immigration Law Violations**

Defendant did not induce any aliens to come to the United States to work or for any other purpose, those individuals who make claims against CGI were already present in the United States and working at the time they formed a relationship with CGI.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
**RICO claims**

Plaintiffs have not, and cannot demonstrate the requisite predicate acts or elements to support a claim for RICO.  Plaintiffs cannot demonstrate CGI engaged in any of the predicate acts to a RICO claim including but not limited to holding Korean workers in peonage.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE:
**Release**

Plaintiffs Vogel, Simeral, and Gargosh have entered releases with some or all of the Defendants in this action releasing the claims brought herein.

///

///

///

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE:
### Payment

2

3    Defendant alleges Plaintiffs have been paid all funds due to them as a result of

4    their employment, if any, with Defendant.

5

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE:
### Statute of Limitations regarding FLSA claims

6

7    To the extend the period of time alluded to in Plaintiffs' Second Amended

8    Complaint predates the limitations period set forth in Section 6(a) of the Portal-to-Portal

9    Act, 29 U.S.C. § 255(a) (FLSA claims limited to two years from date complaint filed,

10   unless violations are "willful"), Defendant contends Plaintiffs' claims are barred, in

11   whole or in part.

12   Defendant alleges should Plaintiffs establish that it violated the FLSA,

13   Defendant's conduct was not willful, i.e. CGI did not know its conduct violated the

14   FLSA and did not show reckless disregard for whether its actions violated the FLSA and

15   therefore, the applicable statute of limitations is two years. *McLaughlin v. Richland Shoe*

16   *Co.*, 486 U.S. 128 (1988).

17

## THIRTY-NINTH AFFIRMATIVE DEFENSE:
### Good Faith Compliance

18

19   Defendant alleges Plaintiffs' claims are barred in whole or in part by the

20   provisions of Section 10 of the Portal-to-Portal Act, 20 U.S.C. § 259, because

21   Defendant's actions taken in connection with Plaintiffs' compensation were done in good

22   faith, in conformity with and reliance upon written administrative regulations, orders,

23   rulings, approvals, and interpretations.

24   ///

25   ///

26   ///

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

1

## FORTIETH AFFIRMATIVE DEFENSE:
### Good Faith Compliance

2

3    Defendant alleges Plaintiffs' claims are barred in whole or in part by the

4 provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or

5 omissions giving rise to this action were done in good faith and with reasonable grounds

6 for believing that the actions or omissions were not a violation of the FLSA and

7 Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any

8 claim by Plaintiff for liquidated damages.

9

## FORTY-FIRST AFFIRMATIVE DEFENSE:
### Exemption from Overtime

10

11    Defendant asserts Plaintiffs' claims are barred in whole or in part to the extent the

12 work they performed falls within exemptions provided for in Sections 13(a) and/or (b) of

13 the FLSA, 29 U.S.C. §§ 213(a) and/or (b), as further defined in 29 C.F.R. Part 541.

14 Specifically, Plaintiffs' duties, as alleged in the Second Amended Complaint, consisted of

15 the overall management of a facility or a recognized subdivision of the organization, as

16 well as administrative tasks related to the operations of Defendant's business operations.

17 The duties of some or all Plaintiffs included, inter alia, the direct supervision of work

18 performed by two or more full-time subordinate employees at all times material to this

19 case, which included the responsibility to implement and provide feedback regarding the

20 applicable company policies, as well as the authority to participate in all decisions

21 regarding the terms and conditions of employment of their subordinates, the performance

22 of a multitude of administrative tasks, and matters of customer relations (including

23 personal interaction to ensure client satisfaction and retention). See C.F.R. Part 541,

24 Subparts A-C, G and H.

25    ///

26    ///

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

## FORTY-SECOND AFFIRMATIVE DEFENSE:
### Release/ Waiver

Upon information and belief, Plaintiffs have signed waivers and liability releases which expressly release CGI and its respective servants, agents, or employees from any and all claims, actions, suits, procedures, costs, expenses, damages, and liability arising from participation in Dahn training.

## FORTY-THIRD AFFIRMATIVE DEFENSE:
### Additional Affirmative Defenses

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it has additional, unstated, affirmative defenses. Defendant reserves the right to assert additional defenses in the event discovery and investigation reveal additional defenses would be appropriate.

## COUNTERCLAIM

For its Counterclaim against Hun Kim, Counter-Claimant CGI, Inc., alleges as follows:

1.      Counterclaimant, CGI, Inc. is a corporation formed and existing under the laws of the State of New Jersey and authorized to do business in New Jersey and New York states.

2.      Counterclaimant is a defendant in United States District Court for the District of Arizona, case number CV09-1115-PHX-SRB, filed on May 22, 2009, styled *Richard Barba et al. v. Senung Huen Lee et al.* (hereinafter the "Federal action").

3.      Counterclaim-Defendant Hun Kim is believed to be a resident of Elmhurst, New York.

4.      The counterclaim constitutes a civil action between citizens of different states.

5.      Counterclaim Defendant Hun Kim is a Plaintiff in the Federal action.

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 22, 09-CV-01115-PHX-SRB)          3095-0015          606120_1

6.     The Court has jurisdiction over Mr. Kim by virtue of his participation in the Federal action and his purposeful availment of this forum to resolve his claim against CGI.

7.     The counterclaim constitutes other claims in a civil action over which this Court has jurisdiction under 28 U.S.C §1367. The counterclaim is so related to the claims in the Federal action that they form part of the same case or controversy under Article III of the U.S. Constitution.

8.     Venue is proper in this forum to resolve this counterclaim arising out of theft of funds by Mr. Kim from CGI.

9.     From November 2007 until May 2009, Hun Kim was an employee of Dahn Yoga & Health Centers, Inc., who had been loaned to CGI, Inc., to work in its BR Center in New City, New York.

10.    Hun Kim was a Director and as such held a position of trust and confidence and CGI permitted Mr. Kim to handle its funds, including checks, received by CGI.

11.    Sometime after November 2007, Mr. Kim began taking funds from CGI without its permission or consent.

12.    Mr. Kim wrongfully obtained the money by taking checks made payable to CGI and depositing them into his personal bank account.

13.    Mr. Kim did not report to CGI that he was taking funds from CGI.

14.    Mr. Kim concealed all of his wrongdoing from CGI.  His embezzlement of CGI funds was only discovered after Mr. Kim was transferred in March of 2009.

15.    After investigation, CGI determined that the amount of the loss was $20,000.

## COUNTER-CLAIM CAUSE OF ACTION NUMBER ONE
### Conversion

16.    Counterclaimant re-states and re-alleges paragraphs 1 through 14 above as

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

it separately set forth herein.

17.     By virtue of the trust and confidence placed in him, Mr. Kim was entrusted with money belonging to CGI.

18.     Mr. Kim took and embezzled money from CGI in the amount of $20,000.

19.     CGI is damaged thereby.

Counterclaimant prays for judgment against Counterclaim-defendant Kim as follows:

a.     Judgment in the principal amount of $20,000;

b.     Pre-judgment interest at the statutory rate from March 31, 2009 until paid;

c.     Counterclaimant's costs and fees incurred herein; and

d.     Such other and further relief as the Court determines just and appropriate.

RESPECTFULLY SUBMITTED this 21st day of September, 2010.

RENAUD COOK DRURY MESAROS, PA


By /s/ Kevin R. Myer
    David E. McDowell
    Kevin R. Myer
    One North Central, Suite 900
    Phoenix, Arizona 85004-4417
    *Attorneys for Defendant CGI, Inc.*

LAW OFFICES
RENAUD COOK
DRURY MESAROS
ONE NORTH CENTRAL
SUITE 900
PHOENIX, AZ 85004
TELEPHONE (602) 307-9900
FACSIMILE (602) 307-5853

(Page 24, 09-CV-01115-PHX-SRB)          3095-0015          606120_1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2010, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

| | |
|---|---|
| ryan@ryankentlaw.com<br>Ryan A. Kent, Esq.<br>Law Office of Ryan Kent<br>30 Mitchell Blvd.<br>San Rafael, CA 94903<br>*Attorney for Plaintiffs* | akaplan@herrick.com<br>ewolfe@herrick.com<br>rim@herrick.com<br>Alan D. Kaplan, Esq.<br>Eliyahu E. Wolfe, Esq.<br>Richard Y. Im, Esq.<br>Herrick Feinstein LLP<br>2 Park Avenue<br>New York, NY 10016<br>*Attorneys for Defendant Seung Huen Lee* |
| hmeyers@bcattorneys.com<br>rwilkins@bcattorneys.com<br>Howard C. Meyers, Esq.<br>Randall Duane Wilkins, Esq.<br>Burch & Cracchiolo PA<br>P.O. Box 16882<br>Phoenix, AZ 85011-6882<br>*Attorneys for Defendants Dahn Yoga &<br>Health Centers, Inc.; Mago Earth, Inc.* | msaxon@gordonrees.com<br>Mark A Saxon, Esq.<br>Gordon Rees LLP<br>101 W. Broadway, Ste. 2000<br>San Diego, CA 92101<br>*Attorneys for Defendant BR Consulting,<br>Inc., Oasis Arabians, LLC* |
| jbalitis@fclaw.com<br>John J. Balitis, Jr., Esq.<br>Jamie A. Brown, Esq.<br>Kyle W. Hallsrom, Esq.<br>Fennemore Craig PC<br>3003 N. Central Avenue, Ste. 2600<br>Phoenix, AZ 85012-2913<br>*Attorneys for Defendant Vortex, Inc.* | lbadoux@littler.com<br>Laurent R. Badoux, Esq.<br>Littler Mendelson PC<br>2425 E. Camelback Rd., Suite 900<br>Phoenix, AZ 85016-4242<br>*Attorneys for Tao Fellowship* |

LAW OFFICES<br>RENAUD COOK<br>DRURY MESAROS<br>ONE NORTH CENTRAL<br>SUITE 900<br>PHOENIX, AZ 85004<br>TELEPHONE (602) 307-9900<br>FACSIMILE (602) 307-5853

(Page 25, 09-CV-01115-PHX-SRB)          3095-0015          606120_1

| | |
|---|---|
| paul.stoller@gknet.com<br>kam@gknet.com<br>Paul L. Stoller, Esq.<br>Kiersten A. Murphy, Esq.<br>Gallagher & Kennedy PA<br>2575 E. Camelback Road<br>Phoenix, AZ 85016<br>*Attorneys for Defendant Journg Sook Lee* | |

By: */s/ Lisa M. Black*

LAW OFFICES<br>RENAUD COOK<br>DRURY MESAROS<br>ONE NORTH CENTRAL<br>SUITE 900<br>PHOENIX, AZ 85004<br>TELEPHONE (602) 307-9900<br>FACSIMILE (602) 307-5853