RYAN A. KENT, ESQ. (*Pro Hac Vice*)
LAW OFFICE OF RYAN KENT
30 Mitchell Boulevard
San Rafael, CA 94903
CA State Bar No. 169810
Telephone:   (415) 479-4356
Fax:              (415) 479-4358
Email:          ryan@ryankentlaw.com

Attorney for Plaintiffs/Counterdefendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RICARDO BARBA; LILY CHRISTIAN; HEATHER CLEARY; VICTORIA DEROSA; MARJORY GARGOSH; CHUN HWA HA; JESSICA HARRELSON; WOO SEOK JANG; HUN KIM; ALEXA KRIEGER; ALANA LEE; SEUNG HEE LEE; LAUREL LEISHER; CHERIE MAR; LIZA MILLER; NINA MILLER; LISA MOREHOUSE; ARIADNE NEVIN; MEREDITH POTTER; ALEXANDRA ROMERO; KARINA ROSADO; AMY SHIPLEY; HEATHER SIMERAL; JULIA SIMONSON; MICHAEL STARACE; MICHAEL-JOHN TAVANTZIS; LUCIE VOGEL;<br><br>    Plaintiffs,<br><br>vs.<br><br>SEUNG HEUN LEE; JOURNG SOOK LEE; DAHN YOGA & HEALTH CENTERS, INC.; TAO FELLOWSHIP, BR CONSULTING; INC.; MAGO EARTH, INC.; VORTEX, INC.; CGI, INC.; OASIS ARABIANS, LLC and DOES 1 to 100, Inclusive.<br><br>    Defendants. | Case No.  CV 09-1115-PHX-SRB<br><br>HUN KIM'S <u>AMENDED</u> ANSWER TO CGI, INC.'S COUNTERCLAIM<br><br>Jury Trial Demanded |

Counterdefendant Hun Kim hereby answers CGI, Inc.'s ("CGI's") Counterclaim as follows:

1. Hun Kim admits that CGI is a corporation formed and existing under the laws of the State of New Jersey and authorized to do business in New Jersey and New York states.

2. Hun Kim admits that CGI is a Defendant in the instant action.

3. Hun Kim admits that he is a resident of the state of New York.

4. Hun Kim admits that CGI's Counterclaim constitutes a civil action between citizens of different states.

5. Hun Kim admits that he is a Plaintiff in the instant action against CGI.

6. Hun Kim admits that the Court has jurisdiction over him by virtue of his participation in the instant action against CGI.

7. Hun Kim admits that CGI's Counterclaim constitutes other claims in a civil action over which the Court has jurisdiction under 28 U.S.C. §1367 and that the Counterclaim is so related to Hun Kim's claims against CGI in the instant action that they form part of the same case or controversy under Article III of the U.S. Constitution.

8. Hun Kim admits that venue is proper in this forum to resolve CGI's Counterclaim against Hun Kim. Hun Kim denies that his use of CGI funds for CGI business purposes in an "off-the-books" manner with CGI's awareness and authorization constituted theft.

9. Hun Kim admits that from November 2007 through February 2009, he worked as a "ji-won-jang" or center manager at a Dahn Yoga center located in New City, New York. Hun Kim admits that the New City Dahn Center was managed and operated by CGI, although Dahn Yoga & Health Centers, Inc. ("DYHC") was also involved in the management and operation of the New City Dahn Center, as more fully set forth in the Second Amended Complaint ("SAC") on file herein. Hun Kim admits that he was an employee of both CGI and DYHC during the period he worked at the New City Dahn Center. Hun Kim denies that he was "loaned" from DYHC to CGI to work at the New

1

City Dahn Center. Prior to being transferred to work at the New City Dahn Center, Hun Kim had been working at Oasis Arabians Ranch in Cottonwood, Arizona, where he was ostensibly under the supervision of BR Consulting. Hun Kim further objects to the characterization of his transfer as the "loan" of an employee between independent corporations.

      10.    Hun Kim admits that he was a "goo-yuk-jang" or assistant regional director of several Dahn Yoga centers managed and operated by CGI in the New York region. Hun Kim admits that CGI authorized him to handle funds and checks received by the New City Dahn Center from its members.

      11.    Hun Kim denies that he took funds from CGI without its permission and consent. CGI had a standard practice of keeping some Dahn Center income "off-the-books" and utilizing that income for "off-the-books" expenses. Hun Kim utilized all of the CGI funds he kept "off-the-books" for CGI business purposes in an "off-the-books" manner. CGI was aware of and authorized Hun Kim's handling of these funds for CGI business purposes in this "off-the-books" manner.

      12.    Hun Kim admits that he kept some CGI income "off-the-books" by taking checks made out to "BR Center" or "Dahn Yoga" and depositing them into his personal bank account. Hun Kim denies that this conduct was wrongful. Hun Kim only deposited the checks into his personal bank account in order that he could use the funds for CGI business purposes in an "off-the-books" manner. CGI was aware of and authorized Hun Kim's handling of these funds for CGI business purposes in this "off-the-books" manner.

      13.    Hun Kim denies that he was "taking" funds from CGI. CGI was aware of and authorized Hun Kim's use of these funds for CGI business purposes in this "off-the-books" manner.

      14.    Hun Kim denies that his use of CGI funds for CGI business purposes was wrongful. Hun Kim denies that he concealed his use of CGI funds for CGI business purposes in an "off-the-book" manner from CGI. Hun Kim denies that CGI only discovered his use of CGI funds in this manner in March of 2009. CGI was always

aware of and authorized Hun Kim's use of these funds for CGI business purposes in this "off-the-books" manner.

15. Hun Kim denies that there was any loss to CGI. Hun Kim further denies that the amount of CGI funds he used for CGI business purposes in an "off-the-books" manner totaled $20,000.

16. Paragraph 16 of the Counterclaim merely realleges Paragraphs 1 through 14, which have already been responded to.

17. Hun Kim admits that CGI authorized him to handle funds and checks received by CGI.

18. Hun Kim denies that he took or embezzled money from CGI. Hun Kim admits that he took some checks made out to "BR Center" or "Dahn Yoga" and deposited them into his personal bank account. Hun Kim denies that this conduct was wrongful. Hun Kim only deposited the checks made out to CGI into his personal bank account in order that he could use the funds for CGI business purposes in an "off-the-books" manner. CGI was aware of and authorized Hun Kim's use of these funds for CGI business purposes in this "off-the-books" manner.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Waiver, Estoppel, Ratification

19. The relief sought by CGI is barred in whole or in part by the doctrines of waiver, estoppel or ratification.

### SECOND AFFIRMATIVE DEFENSE
### Privilege and Justified Action

20. The conduct complained of by CGI, if and to the extent it occurred, was privileged and justified and done with a good faith belief it was correct and lawful and no action may be taken against Hun Kim on account of such conduct, if any.

### THIRD AFFIRMATIVE DEFENSE
### Unclean Hands

21. Any recovery sought in CGI's Counterclaim is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### In Pari Delicto

22. CGI's claims are barred by reason that CGI has engaged in acts or a course of conduct which renders CGI in pari delicto.

### FIFTH AFFIRMATIVE DEFENSE
### Voluntary Participation

23. CGI consented to, welcomed and voluntarily participated in the conduct complained of in the Counterclaim.

### SIXTH AFFIRMATIVE DEFENSE
### Statute of Limitations

24. CGI's claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE
### Set-Off

25. In the event that CGI is entitled to any damages from Hun Kim on its Counterclaim, Hun Kim is entitled to a set off to the extent he used the subject CGI funds for CGI business purposes. Hun Kim is entitled to a set-off to the extent he utilized any of CGI's funds to reimburse himself for payments he made to CGI for the memberships or programs of real and/or fictitious members. Hun Kim is also entitled to a set-off to the extent CGI failed to pay him the minimum wage and overtime pay required by law, plus equivalent penalties.

### PRAYER

WHEREFORE, Hun Kim prays for the entry of judgment in his favor against CGI on CGI's Counterclaim as follows:

A. That CGI take nothing by way of its Counterclaim;

B. Awarding Hun Kim his reasonable attorneys' fees and costs incurred herein; and

C. For such other relief as the Court deems just and proper.

DATED:  October 22, 2010      By:     /s/ Ryan A. Kent
Ryan A. Kent
Attorney for Plaintiffs/Counterdefendants
30 Mitchell Boulevard
San Rafael, CA 94903
Telephone:   (415) 479-4356
Email: ryan@ryankentlaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on October 22, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and, on the same date, mailed copies of the same to the following:

Honorable Susan R. Bolton  
United States District Judge  
United States District Court  
Sandra Day O'Connor U.S. Courthouse, Ste. 522  
401 W. Washington Street, SPC 50  
Phoenix, AZ 85003-2153  

                                                    /s/Angela Parker